UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

SUFFREN ANTOINE,

                Plaintiff,                Case No. 1:14-cv-1309

v.                                              Honorable Janet T. Neff

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF), though his allegations also involve events that occurred while he was housed at the Richard A. Handlon Correctional Facility (MTU). He sues the MDOC and its Director Daniel H. Heyns; Parole Officer Kyle Force; Psychiatrists Melanie A. Clark and Michael Bennett, from the Woodland Center Correctional Facility (WCC) and the Duane Waters Hospital (DWH); MTU Warden Dewaye;[1] MTU Assistant Resident Unit Supervisor (unknown) Woldhuis; and MTU Correctional Officer (CO) (unknown) Cooper. He also sues the following ARF employees: Warden P. Klee; ARUS J. Woodard; Administrative Officer V. Stewart; School Teacher (unknown) Seabarry; and COs (unknown) Faz and (unknown) Jackson.

Plaintiff alleges that he was falsely accused of violating his parole by Defendant Kyle Force and was subsequently returned to prison because of the violation. (Compl., docket #1, Page ID#5.) Plaintiff also contends that he was harassed, humiliated, and placed in danger by every MDOC correctional employee with whom he has come into contact. Plaintiff's allegations concerning his alleged abuse are largely conclusory and only somewhat intelligible. He asserts that MTU Defendants Dewaye, Woldhuis, and Cooper are responsible "for my abuse being sexual harassment, humiliation and endangerment of my life with prison population with the use of loud speaker by staff at Richard A. Handlon Correctional Facility every staff and inmate harassed and or abused me by name being Suffren . . . ." (*Id.*, Page ID#8.) The abuse at MTU ostensibly occurred between July 2014 and September 2, 2014, when Plaintiff was transferred to ARF. Plaintiff claims that the same harassment, humiliation, and abuse was continued at ARF, and that Defendants Klee,

---

[1]Plaintiff arguably intends to name MTU Warden DeWayne Burton. However, because Plaintiff fails to state a claim against the MTU warden, the Court uses the spelling provided by Plaintiff in his complaint.

Woodard, and Stewart are responsible for the actions of Defendants Faz, Jackson, and Seabarry. Plaintiff contends that, in some unexplained manner, Defendants took actions that caused inmates to either attempt to fight with Plaintiff or ask Plaintiff for sex.

Plaintiff also claims that he was involuntarily placed into MDOC Mental Health Services as a result of unidentified harassment. Plaintiff was placed at DWH in early 2013, and he was sent to WCC on May 20, 2014. Plaintiff contends that he was never mentally ill, but he was at some points forcibly injected with medication after he refused to take it. On December 12, 2014, Plaintiff was discharged from mental health services by (unknown) Schrein. Plaintiff claims that Defendant MDOC is responsible for having improperly found Plaintiff to be mentally ill and treating him for mental illness. He also claims that Defendant psychiatrists Clark and Bennett abused him in some manner while he was in mental-health treatment.

For relief, Plaintiff seeks compensatory damages, as well as punishment of those responsible for his imprisonment and emotional abuse.

**Discussion**

I.   Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.[2]

    II.    <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state

---

[2] The Court also notes that this is the second lawsuit filed by Plaintiff against the MDOC and Defendant Heyns about the same set of facts. The first action was dismissed on grounds of immunity and failure to state a claim. *See Antoine v. Mich. Dep't of Corr. et al.*, No. 1:14-cv-1135 (W.D. Mich. Dec. 8, 2014). As a result, in addition to the fact that the MDOC is immune from suit and that Plaintiff fails to state a claim against Defendant Heyns, *infra*, Plaintiff's action against both Defendants is barred by the doctrine of *res judicata*, or claim preclusion. Claim preclusion provides that, if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *See Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982); *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001) (applying claim preclusion to dismiss a second prisoner action against the same defendants concerning the same issues, after the first action was dismissed on the merits).

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Defendant Force

Plaintiff contends that he did not violate his parole and therefore was unlawfully returned to prison based on Defendant Force's parole-violation charge. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper

subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.  *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory, and monetary relief for alleged violations of Constitutional rights underlying his conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).  In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations about the unlawfulness of his imprisonment clearly call into question the validity of his parole-revocation conviction. Therefore, his claim against Defendant Force is barred under *Heck* until his criminal conviction has been invalidated.

### B. Defendants Heyns, Dewaye, Woldhuis, Klee, Woodard & Stewart

Plaintiff fails to make any factual allegations against Defendants Heyns, Dewaye, Woldhuis, Klee, Woodard and Stewart, other than to claim that they are responsible for the unspecified harassment and abuse he suffered at MTU and ARF. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, Dewaye, Woldhuis, Klee, Woodard, and Stewart engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### C. Defendants Faz, Jackson & Seabarry

Plaintiff broadly alleges that Defendants Faz, Jackson and Seabarry sexually harassed him, humiliated him, and endangered him, but he fails entirely to allege any specifics about the actions they took. Instead, he repeatedly indicates that someone used a loud speaker and harassed him on the basis of his name, Suffren, but he does not indicate the nature of the harassing conduct. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555. The Court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Because Plaintiff's allegations are wholly conclusory, he fails to allege sufficient facts to state a claim against Defendants Faz, Jackson, and Seabarry.

Moreover, even were the Court to assume that Defendants Faz, Jackson and Seabarry used harassing language of some sort, Plaintiff would nevertheless fail to state a claim based strictly

on harassing language.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981).  The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346).  The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.  In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

The use of harassing or degrading language by a prison official, although unprofessional and deplorable, does not rise to constitutional dimensions.  *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (harassment and verbal abuse do not constitute the type of infliction of pain that the Eighth

Amendment prohibits); *Violett v. Reynolds,* No. 02-6366, 2003 WL 22097827, at *3 (6th Cir. Sept. 5, 2003) (verbal abuse and harassment do not constitute punishment that would support an Eighth Amendment claim); *Thaddeus-X v. Langley*, No. 96-1282, 1997 WL 205604, at *1 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); *Murray v. U.S. Bureau of Prisons*, No. 95-5204, 1997 WL 34677, at *3 (6th Cir. Jan. 28, 1997) ("Although we do not condone the alleged statements, the Eighth Amendment does not afford us the power to correct every action, statement or attitude of a prison official with which we might disagree."); *Clark v. Turner*, No. 96-3265, 1996 WL 721798, at *2 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idle threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); *Brown v. Toombs*, No. 92-1756, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

Similarly, Plaintiff fails to allege facts suggesting that Defendants violated the Eighth Amendment by placing him at risk of assault by other prisoners or failing to protect him against that risk. Plaintiff alleges no facts suggesting that any Defendant was deliberately indifferent to Plaintiff's safety or welfare.

For all these reasons, Plaintiff fails to state an Eighth Amendment claim against Defendants Faz, Jackson and Seabarry arising from their unspecified verbal abuse.

### D. Defendants Bennett & Clark

Plaintiff alleges that he was abused in an unspecified manner by Defendants Clark and Bennett while he was at DWH and WCC receiving mental-health treatment. While Plaintiff alleges that he was wrongfully diagnosed as mentally ill and forcibly injected after he refused to take

prescribed medication, Plaintiff does not allege that Defendants Bennett and Clark actually ordered the treatment. In addition, he fails to allege any other facts that would suggest that Bennett or Clark acted with deliberate indifference to his condition. His allegations against them therefore are wholly conclusory and insufficient to state a claim. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Moreover, even assuming that Plaintiff's mental illness was misdiagnosed and that he was unnecessarily treated, Plaintiff fails to allege that anyone, including Defendants Bennett and Clark, was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. At best, Plaintiff has alleged that mental-health providers, possibly including Bennett and Clark, misdiagnosed his mental illness and gave him unnecessary medication. Negligence in diagnosing a medical condition does not constitute deliberate indifference. *See Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (citing *Jones v. Muskegon Cnty.*, 625 F.3d 935, 944 (6th Cir. 2010)); *see also Estelle*, 429 U.S. at 105 (holding that "a complaint that a physician has been negligent in treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). Plaintiff therefore fails to state an Eighth Amendment claim against Defendants Bennett and Clark.

Plaintiff's allegations also fail to support a claim that he was forcibly medicated in violation of the Due Process Clause. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to the procedural protections of the Due Process Clause. *See Bd. of Regents v. Roth*, 408 U.S. 564, 567 (1972); *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was

deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest. *Id.*

Under established Supreme Court precedent, Plaintiff has a liberty interest in avoiding the unwanted administration of antipsychotic or other psychoactive drugs. *See Washington v. Harper*, 494 U.S. 210, 221–22 (1990); *see also Riggins v. Nevada*, 504 U.S. 127, 133-34 (1992) (extending *Harper* to pretrial detainees); *Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir.1996) ("[t]he Supreme Court has held that individuals in state custody enjoy protectable liberty interests to be free from bodily restraint, and to refuse medical treatment such as the administration of antipsychotic drugs"). That interest, however, is not absolute. While an inmate or detainee has a due process right to refuse medication, the Due Process Clause also permits the state to treat an inmate with antipsychotic drugs against his will, "to reduce the danger that an inmate suffering from a serious mental disorder represents to himself or others." *Harper*, 494 U.S. at 236. In the case of a mental patient, the Supreme Court has recognized that while the patient enjoys profound liberty interests, "'[w]here an inmate's mental disability is the root cause of the threat he poses to the inmate population, the State's interest in decreasing the danger to others necessarily encompasses an interest in providing him with medical treatment for his illness." *Noble*, 87 F.3d at 162 (quoting *Harper*, 494 U.S. at 225–26). "Thus, the state may administer involuntary medical treatment to an institutionalized mental patient if that patient poses a threat to himself or other patients, or if treatment is in that patient's medical interest." *Id.* (citing *Harper* at 494 U.S. at 227). Because "the risks associated with antipsychotic drugs are for the most part medical ones, best assessed by medical professionals," the inmate's due process does not require a judicial hearing, but may be served by an administrative review using medical decisionmakers. *Harper*, 494 U.S. at 233.

Although Plaintiff has alleged that someone, perhaps Defendants Bennett and Clark, deprived him of his right to avoid psychiatric medication by injecting him, Plaintiff fails entirely to allege that his deprivation occurred without due process of law. Michigan has long observed careful administrative procedures governing the involuntary treatment of mentally ill prisoners. *See* MICH. DEP'T OF CORR., Policy Directive 04.06.183 (eff. Oct. 9, 1995). Plaintiff makes no allegation that the state or any Defendant failed to conduct such an administrative hearing before treating him. Moreover, Plaintiff fails entirely to allege that prison procedures governing the forced administration of psychotropic medications are constitutionally inadequate. For all these reasons, Plaintiff fails to state a due process claim based the involuntary delivery of mental-health services and medication.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on grounds of immunity and failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 23, 2015                   /s/ Janet T. Neff
                                                        Janet T. Neff
                                                        United States District Judge